UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELLE PEREZ,<br>　　　　Plaintiff,<br>　v.<br>FCA US LLC,<br>　　　　Defendant. | Case No. 17-cv-04294-JCS<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT AND VACATING NOVEMBER 2, 2018 MOTION HEARING**<br><br>Re: Dkt. No. 49 |

Plaintiff brings a Motion to Enforce Settlement ("Motion") asking the Court to order that FCA US LLC ("FCA") comply with the terms of the settlement agreement in this case, alleging that FCA and its counsel have been "delaying completion of the terms of the settlement." In particular, Plaintiff asserts that FCA has prevented her from surrendering her vehicle and that its counsel failed to respond to a series of emails from Plaintiff's counsel on this subject between August 21, 2018 and September 12, 2018. Plaintiff also asks the Court to award $1,200 in attorneys' fees as a sanction under 28 U.S.C. §1927 for the time spent drafting the Motion. The Motion is DENIED. The Motion hearing set for November 2, 2018 is vacated pursuant to Civil Local Rule 7-(b).

In its Opposition brief, FCA represents that the delay in connection with surrender of the vehicle resulted from a discrepancy as to the condition of the vehicle, namely, that while Plaintiff's counsel represented that the vehicle had only a small scratch, the company that contracts with FCA to process vehicle surrenders reported much more extensive damage. *See* Lidalen Decl., ¶ 3. FCA further represents that the emails from Plaintiff's counsel that were not returned were sent only to Scott Shepardson, who left the Nixon Peabody firm effective August 31, 2018, and that an email notification to that effect is sent in response to all incoming emails

addressed to Mr. Shepardson. *Id.* ¶ 6. According to FCA, although Plaintiff's counsel would have received that notification, they did not contact any of the other attorneys of record on the case, including Kristi Livedalen and Jennifer Kuenster. *Id.* ¶ 5. FCA represents that it has now instructed the vehicle surrender service to accept the vehicle as is and the "settlement is being processed," rendering the Motion moot. *Id.* ¶ 7; Opposition at 3.

Plaintiff did not file a reply brief and the deadline for doing so has now passed. Therefore, the Court concludes that Plaintiff does not dispute the factual representations made by FCA's counsel in opposition to the Motion concerning the status of the surrender and more generally, the processing of the settlement. Based on those representations, the Court finds that the problems associated with surrender of the vehicle were not a result of any vexatious or unreasonable conduct on the part of FCA that requires Court intervention or that warrants an award of attorneys' fees under 28 U.S.C. § 1927.[1] Therefore, the Court denies the Motion.

**IT IS SO ORDERED.**

Dated: October 22, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Nor does the delay in responding to the emails from Plaintiff's counsel warrant Court intervention. It appears that the delay was due, in part, to the fact that Plaintiff's counsel sent the emails to Mr. Shepardson at the Nixon Peabody firm even though he had moved to a different firm. While Plaintiff's counsel should have investigated when they received email notifications stating that Mr. Shepardson was no longer employed by the Nixon Peabody firm (or contacted another attorney of record), the Court also notes that FCA did not file a notice in this case informing Plaintiff that Mr. Shepardson's contact information and firm affiliation had changed. Indeed, the docket sheet in this case continues to list Mr. Shepardson's Nixon Peabody contact information. In other words, both sides bear some responsibility for the delay that resulted from the unanswered emails. FCA's share of the blame, however, is not sufficient to warrant the imposition of sanctions or require the Court to order performance of the settlement agreement.

2